**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| RICHARD CLEMONS,<br><br>            Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Civil Action No. 1:17-CV-00963-AJT-TCB |

**GOOGLE LLC'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE**

## I. INTRODUCTION

Plaintiff Richard Clemons ("Plaintiff") seeks to hold Google LLC ("Google")[1] liable for "identity theft and fraud perpetrated upon" his Gmail account by a third party and for Google's alleged failure to provide Plaintiff assistance in accessing his account. Compl. ¶¶ 3–5. Plaintiff pleads one cause of action for a violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et seq. See* 18 U.S.C. § 2707(a), (b)(1). Plaintiff's complaint must be dismissed in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because he fails to specify which provision of the SCA Google has allegedly violated. Even if the Court were to overlook applicable pleading standards and assume a claim under 18 U.S.C. § 2701(a) for unlawful access to stored communications, the SCA provides complete immunity to service providers such as Google for claims arising under § 2701(a). 18 U.S.C. § 2701(c)(1); *see also In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1032 (N.D. Cal. 2014). The third party who allegedly engaged in identity theft and fraud in relation to Plaintiff's Gmail account is the proper target of that claim.

Alternatively, if the Court declines to dismiss Plaintiff's complaint, it should transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff, who alleges he is a Gmail user, has willingly agreed to the mandatory forum-selection clause in Google's Terms of Service. That clause requires Plaintiff to litigate any valid claims he may have against Google in California, not Virginia. As the U.S. Supreme Court has explained, valid forum-selection clauses like Google's must be enforced in all but the most "extraordinary circumstances unrelated to the convenience of the parties[.]" *Atl. Marine Constr. Co. v. U.S. Dist. Court W. Dist. Tex.*, 134 S. Ct. 568, 581 (2013).

---

[1] Google Inc. recently converted from a corporation to a limited liability company and changed its name to Google LLC. Google is concurrently filing a motion with the Court to reflect this name change and modify the case caption.

## II.     STATEMENT OF FACTS

Google is headquartered in Mountain View, California.  *See* Declaration of Brittany Araujo, ¶ 2 ("Araujo Decl."); *see also Harvey v. Google Inc.*, No. 15-cv-03590-EMC, 2015 WL 9268125, at *1 (N.D. Cal. Dec. 21, 2015) (Google is incorporated in Delaware and its principal place of business is in Mountain View, California).  Google provides various free web-based products to the public, including its widely-used Gmail service.  *See* Araujo Decl., ¶ 3.

Plaintiff claims to have created a Gmail account in June 2016 with the email address lawyerme7@gmail.com (the "Account").  Compl. ¶ 1.  Plaintiff further alleges that sometime prior to July 2017 the Account was compromised by "identity theft and fraud perpetrated upon the account."  *Id.* ¶ 3.  While the complaint is not entirely clear, Plaintiff appears to claim that he has attempted to access the Account but is unable to do so because he no longer has access to the cell phone associated with the Account.  *Id.*  The complaint alleges that Google "failed to offer a resolution process in the face of growing identity theft" and that Google has not provided Plaintiff assistance in accessing his Account.  *Id.* ¶ 4.  Plaintiff seeks relief under 18 U.S.C. § 2707(a), (b)(1).

## III.    ARGUMENT

### A.     Plaintiff fails to state a claim for relief

Plaintiff's single claim for relief, Google's purported violation of the SCA pursuant to 18 U.S.C. § 2707, should be dismissed with prejudice.  Section 2707 creates a private right of action for an individual "aggrieved by any violation" of the SCA "in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind."  18 U.S.C. § 2707(a).  Plaintiff does not allege, however, *which* provision of the SCA Google has purportedly violated, nor does Plaintiff claim that Google's alleged, unspecified violation was knowing or intentional.

- 2 -

To state a claim for relief, Plaintiff must offer "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, Plaintiff must offer "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Id.* Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plaintiff's complaint, which merely alleges that Google did not offer a "procedure adequate to resolve what was identity theft and fraud perpetrated upon the account" and that Google has not provided Plaintiff assistance in accessing the Account, Compl. ¶¶ 3–5, does not meet these basic requirements.[2]

That Plaintiff proceeds *pro se* does not alter this conclusion. While *pro se* litigants are given some leeway on pleading requirements, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the relaxation of pleading standards is not without limits. *See Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008) ("We do not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain 'more than labels and conclusions.'" (quoting *Twombly*, 550 U.S. at 555)). The relaxed standard does not, for example, require courts "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even if the Court were to forego the pleading standards of Fed. R. Civ. P. 8(a)(2) and the mandates of *Twombly* to read a cause of action into the complaint, then Plaintiff appears, at best, to be arguing a violation of 18 U.S.C. § 2701(a). That provision of the SCA sets forth those actions that constitute unlawful access to stored communications:

---

[2] While these facts are not pertinent to the Court's resolution of Google's motion to dismiss, Google has attempted to reach out to Plaintiff to explain account recovery procedures, but to date Plaintiff has not responded. Araujo Decl. ¶ 6. Publicly-available resources provide various options for account recovery when the phone associated with an account has been lost or stolen or is no longer accessible. *See* Google Account Help, https://support.google.com/accounts/answer/185834?hl=en (last visited Nov. 16, 2017).

> Except as provided in subsection (c) of this section whoever—
>
> > (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or
> > (2) intentionally exceeds an authorization to access that facility;
>
> and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

Subsection (c), in turn, explicitly provides complete immunity for service providers such as Google for alleged violations of 18 U.S.C. § 2701(a).  18 U.S.C. § 2701(c)(1) ("Subsection (a) of this section does not apply with respect to conduct authorized—(1) by the person or entity providing a wire or electronic communications service[.]"); *see also In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1032 (Section 2701(c)(1) "grants immunity for alleged violations of § 2701(a) to ECS providers . . . for accessing electronic communications stored on their own servers.").  In any event, Plaintiff's complaint alleges that a *third party* perpetrated fraud and identity theft upon his Account.  Compl. ¶ 3.  Based on these facts, Plaintiff's claims under § 2707 should lie against the third party—to whom statutory immunity will not apply—not Google.

### B. Alternatively, this case should be transferred to the Northern District of California

If the Court declines to dismiss the complaint for failure to state a claim, the case should be transferred to the proper forum:  the Northern District of California.

According to Google's records, the Account was created on June 8, 2016.  Araujo Decl. ¶ 4.  The individual who created the Account consented to Google's Terms of Service upon account creation and by continuing to use Google's services thereafter.  *Id.*; *see also id.* at Exs. 1-2 ("By using our Services, you are agreeing to these terms" and "[i]f you do not agree to the modified terms for a Service, you should discontinue your use of that Service.").  Specifically, upon account creation the individual was presented with a copy of Google's Terms of Service

and affirmed his agreement to those Terms of Service when creating the account.  *See* Araujo Decl. ¶ 4.  Google's Terms of Service provide as follows:  "All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts."  *Id.* ¶ 5; *see also id.* at Exs. 1–2.[3]  Plaintiff alleges he created the Account, and his purported claim against Google indisputably arises out of or relates to his alleged use of the Account.  *See* Compl. ¶¶ 1–3.  Plaintiff is, therefore, contractually obligated to litigate any claim he may have against Google arising from his use of the Account in California, not Virginia.

The U.S. Supreme Court has made clear that valid forum-selection clauses must be enforced except in rare and unusual cases.  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.  *Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied.*"  *Atl. Marine*, 134 S. Ct. at 581 (emphasis added).  Under *Atlantic Marine,* "the plaintiff's choice of forum merits no weight.  Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  *Id.*  Additionally, "arguments about the parties' interests are irrelevant," *ServiceMaster of Fairfax, Inc. v. ServiceMaster Residential/Commercial Services, LP*, No. PX 16-02589, 2017 WL 3023342, at *2 (D. Md. July 17, 2017), because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for

---

[3] While the current version of Google's Terms of Service governs Plaintiff's ongoing use of Google services, *see* Google Terms of Service, About these Terms, https://www.google.com/policies/terms/ (last visited Nov. 16, 2017), the Terms of Service in place at the time of the creation of the Account contained an identical forum-selection clause: "All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts."  Araujo Decl. ¶ 5; *see also id*. at Exs. 1–2.

their pursuit of the litigation." *Atl. Marine*, 134 S. Ct. at 582.  "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*.  "This means that a district court may only consider arguments about the public-interest factors," *ServiceMaster,* 2017 WL 3023342, at *2, which "include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at *5 (internal quotation marks omitted).  Google respectfully submits that none of these public interest factors are relevant to this matter, which is not likely to create any court congestion if transferred, is not a "localized" controversy, and is not based on diversity jurisdiction.

Accordingly, if the Court declines to dismiss Plaintiff's complaint, Google's forum-selection clause requires the Court to transfer this case to the Northern District of California.  *See Rojas-Lozano v. Google Inc.*, No. 15-10160-MGM, 2015 WL 4779245, at *3–4 (D. Mass. Aug. 12, 2015) (transferring a Gmail user's claims to the Northern District of California based on Google's forum-selection clause); *see also Rudgayzer v. Google Inc*., 986 F. Supp. 2d 151, 156 (E.D.N.Y. 2013), as *modified by Rudgayzer v. Google Inc*., 13 CV 120 (ILG) (RER), 2014 WL 12676233 (E.D.N.Y. Feb. 10, 2014) (same).

Indeed, even before *Atlantic Marine* clarified the transfer analysis, courts routinely transferred cases in accordance with forum-selection clauses similar to Google's.  *See, e.g.*, *E.K.D. ex rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 2d 894, 900 (S.D. Ill. 2012) (explaining that "a mandatory forum-selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" and transferring case to California based on forum-selection clause in Facebook's terms of service) (internal quotation marks and citation omitted); *Beard v. PayPal, Inc.*, No. 09-1339-JO, 2010

WL 654390, at *3 (D. Or. Feb. 19, 2010) (transferring case to California based on forum-selection clause in PayPal's User Agreement); *Brodsky v. Match.com LLC*, No. 09 Civ. 5328(NRB), 2009 WL 3490277, at *5 (S.D.N.Y. Oct. 28, 2009) (transferring case to Texas based on forum-selection clause in Match.com's User Agreement).

Plaintiff willingly agreed to Google's forum-selection clause as a condition of creating his free Gmail account; the clause is valid and mandatory; and there are no extraordinary circumstances militating against transfer.  Thus, if the Court does not dismiss Plaintiff's complaint with prejudice, then it should transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## IV.   CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court dismiss Plaintiff's complaint in its entirety with prejudice pursuant to Rule 12(b)(6).  Alternatively, this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a) because that is where Plaintiff has agreed to litigate all claims against Google.

DATED:  November 16, 2017          Respectfully submitted,

By:       /s/ John K. Roche
John K. Roche (VSB# 68594)
Perkins Coie LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone:  202-434-1627
Fax:  202-654-9106
JRoche@perkinscoie.com

*Counsel for Defendant Google LLC*

## **STATEMENT REQUIRED UNDER LOCAL CIVIL RULE 7(K)**

1. As a *pro se* party, Plaintiff is entitled to file a response opposing this motion and any such response must be filed within twenty-one (21) days of the date on which the motion was filed; and

2. The Court could dismiss the action on the basis of Google's motion if Plaintiff does not file a response; and

3. Plaintiff must identify all facts stated by Google with which Plaintiff disagrees and must set forth Plaintiff's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

4. Plaintiff is also entitled to file a legal brief in opposition to the one filed by Google.

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 16th day of November, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, and I will send the document by email and U.S. mail to the following non-filing user:

Richard Clemons
211 N. Union St., Suite 100
Alexandria, VA  22314
fbiloyal707@gmail.com

*Pro Se* Plaintiff

                By:   /s/ John K. Roche
                    John K. Roche (VSB# 68594)
                    Perkins Coie LLP
                    700 13th St. N.W., Suite 600
                    Washington, D.C. 20005-3960
                    Phone:  202-434-1627
                    Fax:  202-654-9106
                    JRoche@perkinscoie.com

                *Counsel for Defendant Google LLC*