IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD CLEMONS, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 1:17-CV-00963-AJT-TCB |

## **GOOGLE LLC'S PROPOSED DISCOVERY PLAN**

Defendant Google LLC ("Google") files this Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f)(3) and the Court's scheduling order of November 17, 2017. Dkt. 16. Google has attempted to meet and confer with Plaintiff Richard Clemons regarding the contents of this Plan via email, the only contact information provided by Mr. Clemons, but has not received a response. Accordingly, Google files this Proposed Discovery Plan without the benefit of Mr. Clemons's input.

### **Procedural Background**

Mr. Clemons, proceeding *pro se*, filed this action against Google on August 28, 2017. Dkt. 1. On November 16, 2017, Google filed a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue ("Motion to Dismiss"), dkt. 10, and Motion to Modify the Caption, dkt. 14. On November 20, 2017, the Court granted Google's Motion to Modify the Caption. Dkt. 17. Google's Motion to Dismiss is currently set for a hearing on December 22, 2017. Dkt. 12.

**Proposed Discovery Plan**

Considering the nature of Mr. Clemons's claim for relief, Google' pending Motion to Dismiss, and Mr. Clemons's lack of contact with Google despite Google's attempts to meet and confer prior to filing its Motion to Dismiss and this Plan, Google proposes the following:

1. **Settlement.** Google has been unable to reach Mr. Clemons to discuss his claims and the possibility of a prompt resolution of this case. Google remains willing to engage in these discussions following contact by Mr. Clemons.

2. **Initial disclosures.** In light of Google's pending Motion to Dismiss and Mr. Clemons's lack of contact, Google would propose that initial disclosures be delayed until 14 days following entry of the Court's order on Google's pending Motion to Dismiss, if such Motion is not granted.

3. **Consent to Magistrate Judge.** Google does not consent to the assignment of this case to a Magistrate Judge.

4. **Limitations/Phased Discovery.** Discovery need not be conducted in phases or limited beyond the applicable rules and/or any order of this Court.

5. **Discovery Cutoff.** If the case is not dismissed or transferred, then all discovery must be completed by April 13, 2018, per Order of the Court. *See* Dkt. 16.

6. **Expert Disclosures.** The parties shall exchange expert witness reports and information, if any, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule 26(D) as follows:

    - Expert witness designations and reports are due from Mr. Clemons on February 12, 2018;

    - Expert witness designations and reports are due from Google on March 14, 2018;

and

- Mr. Clemons's rebuttal expert witness designations and reports (i.e., those to contradict or rebut the designation by Google) are due on March 29, 2018.

7. **Electronically Stored Information.** All discoverable electronically stored text-based information shall be produced in either a readable electronic format or hard-copy (paper) form absent separate agreement by the parties regarding specific requests.

8. **Protective Order.** Google will attempt to confer with Mr. Clemons in good faith to develop a mutually agreeable protective order in the event either party desires such an order. In the event there is a dispute over a party's request for a protective order, either of the parties may file the appropriate motion with the Court pursuant to Federal Rule of Civil Procedure 26(c), as necessary.

9. **Inadvertent Production**. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. The parties shall, after notification by the other party or if the information appears on its face to have been inadvertently produced, promptly return, sequester, or destroy any documents the other party claims, or the receiving party has reason to believe, are privileged but were inadvertently produced. The party in receipt of said information under these circumstances shall retain the right to challenge the assertion of privilege and shall not disclose the information until the claim of privilege is resolved. The handling and resolution of claims of privilege will otherwise be resolved pursuant to Federal Rule of Civil Procedure 26(b) and/or any other applicable Rule or Order of this Court.

DATED:  December 6, 2017

Respectfully submitted,

By   /s/John K. Roche
   John K. Roche (VSB# 68594)
   Perkins Coie, LLP
   700 13th St., N.W., Suite 600
   Washington, D.C. 20005-3960
   Phone:  202-434-1627
   Fax:  202-654-9106
   JRoche@perkinscoie.com

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 6th day of December, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, and I will send the document by email to the following non-filing user (packages sent to the postal address below have been returned to sender):

Richard Clemons
211 N. Union St., Suite 100
Alexandria, VA 22314
fbiloyal707@gmail.com

*Pro Se* Plaintiff

                                              By:      /s/ John K. Roche
                                                  John K. Roche (VSB# 68594)
                                                  Perkins Coie LLP
                                                  700 13th St. N.W., Suite 600
                                                  Washington, D.C. 20005-3960
                                                  Phone: 202-434-1627
                                                  Fax: 202-654-9106
                                                  JRoche@perkinscoie.com

                                              *Counsel for Defendant Google LLC*